TEXTO COMPLETO DE LA RESOLUCION
Comparece ante nuestra consideración, mediante recurso de certiorari, Víctor Ayala Ortiz y otros propietarios, en adelante "Propietarios", y residentes de la Urbanización Panorama Estates, en adelante, "Panorama", localizada en Bayamón, Puerto Rico, solicitando que revoquemos la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 6 de junio de 2000 y notificada ese mismo día. En la misma, el foro de instancia declaró NO HA LUGAR la solicitud de determinación de pleito complejo.
Además, los "Propietarios" interesan que revisemos una resolución emitida por ese mismo foro el 22 de junio de 2000, notificada el mismo día, mediante la cual se declaró SIN JURISDICCION para imponer sanciones, conforme la Regla 9 de las Reglas de Procedimiento Civil, 32 L.P.R.A., Ap. Ill, R.9.
Por los fundamentos que expresamos a continuación, procedemos a EXPEDIR el Auto solicitado y CONFIRMAR las Resoluciones recurridas.
I
"Panorama" es una urbanización que consta de sesenta y ocho (68) unidades de vivienda. Aproximadamente, treinta y seis (36) de los "Propietarios" residentes en dicha urbanización presentaron demanda contra Constructora Las Américas, Inc., y otros, en adelante,"Constructora", por vicios ocultos, daños y perjuicios. En síntesis, los "Propietarios" alegaron en su demanda que una vez tomaron posesión de sus respectivas propiedades, se encontraron que sus residencias adolecen en esencia de los siguientes vicios: (1) ausencia de anclajes en paredes interiores de bloques; (2) inexistencia de refuerzos en las paredes; (3) las losas de los techos no tienen el grueso que ordena el Código de Construcción y las normas aplicables al diseño estructural y construcción de residencias; (4) existencia de pandeo o deflexión al haberse desimbrado a los seis (6) o siete (7) días en lugar de doce (12) días, conforme lo exige el Código de Construcción; (5) inexistencia de contraflecha; (6) las losas de techo carecen de apoyo adecuado o las varillas fueron colocadas fuera del lugar que le correspondía; (7) existencia de grandes separaciones o grietas entre las paredes y techo con motivo de ausencia de varillas o anclajes, conforme al Código de Construcción; y (8) grandes deformaciones de losa. Además, los "Propietarios" alegaron que la "Constructora" y los demás co-demandados, a través de su conducta culposa y/o negligente, eran responsables de que las propiedades se encontraran en un estado de ruina actual y/o total y/o parcial y/o funcional. En vista de todo lo anterior, los "Propietarios" reclamaron: (1) que la "Constructora" y los demás codemandados le devuelvan el precio que pagaron por las propiedades, los intereses, gastos y costos de cierre, más aquellas sumas que se hayan invertido en cada una de las residencias objeto de este caso, cantidad que se estima aproximadamente en $500,000, incluyendo daños y perjuicios; (2) que queden liberados de toda obligación hipotecaria constituida y/o asumida por ellos con el propósito de financiar la adquisición de las mismas; (3) el pago de intereses al tipo legal desde la fecha de la compraventa *662 hasta el pago total de la presente reclamación; (4) costas, gastos y honorarios de abogado.
Así las cosas, y luego de varios incidentes procesales, los "Pro/?ictorio5:" ;presentaron: mQción ante el Tribunal de Primera Instancia en la cual solicitaron para el caso de autos una determinación de caso civil complejo, conforme a las Reglas para Casos Civiles de Litigación Compleja, res. el 30 de junio de 1999, 99 J. T.S. 120. Posteriormente, el foro de instancia emitió Resolución declarando NO HA LUGAR la petición de los "Propietarios" concluyendo que el caso de marras no era un caso que requiriera medidas especiales para su desarrollo procesal adecuado.
Inconforme con esta determinación, los "Propietarios" acuden ante nuestra consideración mediante recurso de certiorari. Estos exponen que el foro de instancia erró al no determinar que el caso de marras se trata de un pleito complejo, a pesar de que se cumplen más de diez requisitos de los necesarios para pleitos complejos. Asimismo, plantean que erró el tribunal de instancia al determinar que no existe pleito complejo a pesar de que los co-demandados ni siquiera tienen alegación pudiendo haberlo hecho.
II
El Tribunal Supremo, consciente de la necesidad que enfrentan los tribunales de instancia de contar con nuevas herramientas que faciliten los procedimientos con los llamados casos de litigación compleja, preparó las Reglas para tramitar los mismos, conocidas como Reglas para Casos Civiles de Litigación Compleja, supra. En dicha resolución se señala en lo pertinente:
"lijos llamados casos complejos constituyen un reto a nuestro sistema judicial, y en particular al ordenamiento procesal moderno. Estos casos se caracterizan por múltiples partes y controversias de hecho o de derecho complejas y técnicas. Su manejo requiere remedios extraordinarios y órdenes particulares que reglamenten la conducta procesal de las partes y atiendan adecuadamente las reclamaciones de millonarios sumas de dinero de estos litigios. A la par que nuestra sociedad crece y se desarrolla, este tipo de caso aumenta. Los problemas que surgen de la explosión urbana, industrial, científica y tecnológica desafían los esquemas adjudicativos vigentes. Es ineludible el deber de los tribunales de acoplarse a esta nueva realidad. La forma tradicional de resolución de disputas resulta inadecuada para la litigación compleja. A este reto, los tribunales tienen que enfrentarse de forma decidida e imaginativa adaptando los mecanismos procesales existentes y haciendo uso activo de todos los recursos que tienen a su disposición. Hay que estructurar los mecanismos procesales necesarios para adjudicar pronta y adecuadamente este nuevo tipo de controversia. Vellón v. Squibb Mfg., Inc., 117 D.P.R. 838, 847 (1986). Véase además, Amaro González v. First Federal Savings Bank, 132 D.P.R. 1042, 1055 (1993); Ortiz Rivera v. E.L.A., Op. del 17 de diciembre de 1996. 142 D.P. R. _ (1996); 96 J.T.S. 164".
Añade el Tribunal Supremo que el manejo o la administración judicial del caso complejo ha sido objeto de estudio desde hace poco más de una década y que el 3 de mayo de 1989, mediante resolución, aprobó el uso discrecional por los jueces y las juezas del Tribunal de Primera Instancia de las Guías para Dirigir la Fase del Descubrimiento de Prueba en Casos Complejos que fueron consideradas durante la Conferencia Judicial de marzo de 1998. (Enfasis suplido.) Reglas para Casos Civiles de Litigación Compleja, supra.
Al definir casos complejos, el inciso A de la Regla 1 señala que es todo caso civil cuyas circunstancias requieran un manejo judicial especializado que sea declarado como tal, según lo establecido en las Reglas 4 y 5, con el objetivo de evitar cargas innecesarias a los litigantes o al tribunal y permitir una administración judicial eficiente del trámite procesal. (Enfasis nuestro.) Ibid., pág. 1.
La Regla 2, por su parte, dispone que el propósito de las Reglas para Casos Complejos, supra, es establecer el trámite procesal de todo procedimiento de naturaleza civil incoado en la jurisdicción del Estado Libre Asociado de Puerto Rico, que sea declarado como un caso civil de litigación compleja y se interpretarán conforme con el propósito de la Regla 1 de las Reglas de Procedimiento Civil, supra, de modo que garanticen *663 una solución justa, rápida y económica. Ibid.
Al determinar si un caso es uno de litigación compleja, el inciso A de la Regla 4 dispone:

“Cuando se trate de uno o más casos de una región judicial, un juez o una jueza del Tribunal de Primera Instancia, motu proprio o a instancia de parte mediante moción, puede solicitar que el caso se trámite como un caso de litigación compleja. El juez o la jueza del Tribunal de Primera Instancia referirá el asunto a la Jueza Administradora o al Juez Administrador de la Región Judicial para su oportuna determinación. Ibid., págs. 2-3.

Añade dicha Regla que toda solicitud para determinar un caso como uno de litigación compleja debe ser solicitado mediante moción a esos efectos, y de dicha determinación podrá pedir revisión mediante recurso de certiorari al Tribunal de Circuito de Apelaciones. ” Ibid., pág. 3.
Por su parte, la Regla 5 prescribe que será el Juez Administrador a quien se referirá la solicitud bajo la Regla 4, el que determinará si un caso civil es de litigación compleja, luego de citar a las partes a una vista, de ponderar los méritos del caso de acuerdo con las alegaciones y a la luz de la totalidad de las circunstancias particulares del caso. También tomará en consideración uno o más de los criterios siguientes: (1) multiplicidad de partes; (2) multiplicidad de alegaciones o defensas; (3) multiplicidad de testigos; (4) volumen extenso de evidencia; (5) necesidad de peritaje, (6) presencia de intrincadas controversias de hechos o de derecho que exigen prueba documental y testifical abundante o inusual; (7) naturaleza compleja del remedio o de los remedios reclamados; (8) complejidad en la etapa apelativa; (9) casos certificados por el Tribunal de Primera Instancia como pleitos de clase; (10) tipo de caso: casos de responsabilidad civil por productos defectuosos ("product liability"); (11) intensidad de la actividad en la etapa preliminar al juicio; (12) controversias de carácter novel; (13) casos de responsabilidad civil como consecuencia de desastres naturales, eventos atmosféricos, catastróficos o desastres provocados, (14) cualquier otro factor que fomente la necesidad o manejo judicial temprano y organizado para evitar retrasos y cargas innecesarias a las partes y al sistema judicial. Ibid., pág. 4.
III
Es doctrina reiterada aquella enunciativa de que las apreciaciones de un tribunal de instancia tienen apoyo en la prueba y debe ser objeto de gran deferencia, en ausencia de circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto. Riley v. Rodríguez Pacheco, 119 D.P.R. 762 (1987).
Examinando el derecho aplicable al caso de autos, vemos que trasciende de su espíritu el carácter discrecional en él delegado. En un principio cuando se aprobaron las Guías Propuestas, supra, para enfrentar el creciente número de casos complejos, su uso por los jueces de instancia era discrecional. Es importante destacar que bajo dichas Guías quien hacía la clasificación de caso complejo era precisamente el juez que presidía la sala en la primera conferencia preliminar. Cabe señalar que dicha conferencia la señala el tribunal a su discreción, de conformidad a Regla 37.1 de Procedimiento Civil, supra. Nos ilustra el Tribunal Supremo sobre el poder discrecional de celebrar esta conferencia:

“El juez tiene discreción para celebrar una o más de estas conferencias. En el ejercicio de esta discreción, los tribunales tomarán en consideración factores tales como la complejidad de las controversias planteadas, la multiplicidad de partes, las cuantías reclamadas, las actitudes de las partes y sus abogados y la urgencia del remedio solicitado. Vellón v. Squibb Mfg.. Inc., 117 D.P.R. 838 (1986); San Juan Credit, Inc. v. Ramírez, 113 D.P.R. 181 (1986)."

Posteriormente, con la aprobación de las Reglas para Casos Civiles de Litigación Compleja, supra, se designa al Juez Administrador de la Región Judicial donde se ventila el caso para que sea él quien haga la determinación de caso complejo. Dicha determinación la hará tomando en cuenta los méritos del caso de *664 acuerdo a las alegaciones, a la luz de la totalidad de las circunstancias, en una vista a esos efectos frente a las partes y tomando en consideración los catorce (14) criterios allí enumerados en la Regla 5, supra. Estas Reglas deben interpretarse de modo que garanticen una solución justa, rápida y económica de todo , asunto, de conformidad a la Regla 1 de Procedimiento Civil, supra.
IV
Con todo lo anterior en mente y aplicándolo a los hechos del caso de marras, es preciso concluir, como lo hizo el ilustrado foro de instancia, que no estamos frente a un caso complejo. Veamos porqué.
El tribunal a quo señaló a una vista que solicitaron los peticionarios para determinar si este caso era uno de litigación compleja. A dicha vista comparecieron las partes representadas por sus abogados y presentaron su prueba. El Tribunal de Instancia escuchó a las partes y determinó que no era un caso complejo. El tribunal actuó, conforme con los requisitos que imponen las Reglas para Casos Complejos, supra. De lo único que se desvía de dichas Reglas el juez a quo es que atendió personalmente dicha solicitud y no lo refirió al Juez Administrador como requiere la Regla 5, supra. Aunque no se siguió el procedimiento establecido, la determinación del juez es cónsona con la interpretación de la Regla 1 de las Reglas de Procedimiento Civil, supra, y en ausencia de prejuicio, parcialidad o error manifiesto, no es fundamento, por sí sola, para revocarlo. Como muy bien señalan los peticionarios en su alegato al citar la Regla 1 (c) propuesta:
“(c) The court will decide, in the exercise of its discretion, whether the action should be designated a complex civil action.... Proposed Federal Discovery Rules for Complex Civil Litigation, Kaminsky, Marlin I, 48 Fordham Law Review 907 (1980) ” (Empasis nuestro.)
Argumenta la parte peticionaria que se trata de un caso complejo porque cumple con más diez (10) de los requisitos que recoge la Regla 5, supra. No nos convence su argumento. La lectura desapasionada de esta Regla indica que no sólo se tomarán en cuenta los catorce (14) criterios a la hora de determinar si se trata de un caso complejo, sino que primero habrá que ponderar los méritos del caso de acuerdo con las alegaciones y a la luz de la totalidad de las circunstancias particulares del caso. El número de criterios no es lo determinante, sino la totalidad de las circunstancias particulares del caso.
Añade a su argumento anterior que debido a lo complejo del caso ya han transcurrido más de dos (2) años sin que el tribunal de instancia haya señalado una vista para organizar el descubrimiento de prueba. No le asiste la razón. En su escrito, los peticionarios nos piden tomemos conocimiento judicial de que se han presentado dos (2) peticiones de certiorari ante este Tribunal. Por lo tanto, coincidimos con el Ilustre Tribunal a quo en que si se ha retrasado procesalmente el caso, el mismo responde a incidentes normales que se han traído en alzada ante nuestra consideración y no (como arguye el peticionario) a las complejidades del caso.
Por otro lado, a la luz de los documentos que obran en el expediente, al presente, no está claro ni para el foro de instancia ni para este tribunal, el número final de las partes en el pleito, lo que ha llevado a enmendar la demanda en varias ocasiones. Nos parece sensato que hasta tanto no se aclare esta controversia, no es prudente comenzar con el descubrimiento de prueba.
En cuanto al error señalado referente a declarar NO HA LUGAR la Moción Solicitando Protección Conforme la Regla 9 de Procedimiento Civil, concurrimos con el tribunal de instancia que no hay jurisdicción para dilucidar violaciones a los cánones de ética profesional por parte de los abogados. Aquel abogado que entienda que se ha violado algún canon ético, tiene el deber de reportarlo en el foro correspondiente.
Hemos leído cuidadosamente las mociones relacionadas y de su faz no surgen expresiones falsas, libelosas o difamatorias que deban enervar el poder del tribunal de instancia para proteger a las partes o a sus abogados. De lo que sí se ha percatado este Tribunal -al igual que el tribunal de instancia-, es que existe una controversia real en cuanto al número total final de las partes en el pleito y debe ser dilucidada cuanto antes para *665 evitar la animosidad que existe entre las partes y sus abogados.
Cabe recordarle a los distinguidos letrados de ambas partes que es una responsabilidad ineludible de todo miembro de la profesión legal la preservación del honor, la dignidad y la buena relación entre compañeros de la profesión. Nuestro norte y máxima debe ser observar entre compañeros una actitud respetuosa, sincera, honrada, de cordialidad y cooperación profesional. Código de Etica Profesional, 4 L.P.R.A. Ap. IX § 27. Baste, para finalizar, citar lo dispuesto por el Canon 29 del Código de Etica Profesional, supra:

“Los clientes, no los abogados, son los litigantes. Cualquier rencor que exista entre los clientes no debe afectar la conducta de los abogados entre sí ni las relaciones hacia el litigante contrario. Debe evitarse escrupulosamente toda cuestión personal entre los abogados ...

Será altamente impropio de un abogado hacer imputaciones falsas que afecten la reputación y el buen nombre de un compañero. Cuando existan fundados motivos de quejas graves contra colegas, es deber del abogado someter sus cargos a las autoridades competentes, debiendo utilizar para ellos los medios propios que dispone la ley. 4 L.P.R.A. Ap. IX C. 29”

V
Ante la totalidad de las circunstancias en este caso, la determinación tomada por el tribunal de instancia nos parece acertada. Entendemos que quién estaba en mejor posición para determinar la complejidad de este caso ante sus hechos especificos era el juez a quo. Aunque reconocemos la importancia de seguir los trámites según dispuesto, somos de opinión que la desviación con lo establecido en la Regla 5 de las Reglas para Casos Civiles de Litigación Compleja, supra, no afectó de manera alguna el resultado final de la controversia ante nos.
Por los fundamentos antes expuestos, procedemos a EXPEDIR el auto solicitado y CONFIRMAR las Resoluciones recurridas.
Lo acordó el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2001 DTA 21
1. Guías Propuestas para la Fase del Descubrimiento de Prueba en Casos Complejos, Tribunal Supremo de Puerto Rico, Secretariado de la Conferencia Judicial (mayo de 1988). En la Guía 1 dispone que el tribunal podrá en la conferencia inicial clasificar una acción civil como caso complejo y emitirá las órdenes que considere necesarias, de conformidad a la Regla 37.1 de Procedimiento Civil y por estas Guías. Dicha Regla 37.1 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 37.1, dispone sobre conferencia preliminar que en cualquier pleito el tribunal podrá, en el ejercicio de su discreción, ordenar a los abogados de las partes que comparezcan a dicha vista. (Enfasis suplido.)
2. Además del presente recurso, se han radicado los Certiorari Número: KLCE-99-00735 y KLCE-99-00759.
3. Del Exhibit II en el Apéndice, surgen 19 cartas de los "Propietarios" ratificando a los abogados de autos, 16 propietarios firmando para que los abogados de autos pidan un perito al tribunal y 26 propietarios en la lista de petición pleito de clase. Estos números difieren mucho de los 36 propietarios que aparecen como parte en la Tercera Demanda Enmendada del Exhibit III.
4. Moción en Relación con Solicitud de Determinación de Pleito Complejo, de 28 de abril de 2000 y Moción en oposición a otra del Ledo., por falta de Jurisdicción, Eliminatoria y para que se Impongan Sanciones, conforme con la Regla 9 de Procedimiento Civil, de 9 de mayo de 2000.